IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND HAYDEN, 553626, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:98-CV-455-D |
| | ) | |
| RICK THALER, Director TDCJ-CID, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Petitioner was tried for the charge of murder. During jury deliberations, the jury indicated it could not agree on a verdict. Petitioner then agreed to plead guilty pursuant to a plea agreement. Petitioner was sentenced to ten years deferred adjudication probation. *State of Texas v. Raymond Hayden*, No. F89-A0880-QPW (363rd Jud. Dist. Ct., Dallas County, Tex., March 8,

1990).  On May 25, 1990, Petitioner's probation was revoked and he was sentenced to forty-five years imprisonment.  The Fifth District Court of Appeals affirmed the conviction and sentence.  *Hayden v. State*, No. 05-90-00708-CR (Tex. Ct. App. – Dallas 1991).  On February 4, 1998, the Court of Criminal Appeals denied Petitioner's state habeas petition.  *Ex parte Hayden*, No. 36,353-01.

On February 20, 1998, Petitioner filed a federal petition for writ of habeas corpus. *Hayden v. Johnson*, No. 3:98-CV-455-D (N.D. Tex.).  On September 8, 1999, the Court denied the petition on the merits.  On April 10, 2000, the Fifth Circuit Court of Appeals denied a certificate of appealability.

On December 11, 2008, Petitioner filed an "Independent Action in Equity" pursuant to Fed. R. Civ. P. 60(b).  On February 12, 2009, the Magistrate Judge issued Findings, Conclusions and a Recommendation ("Findings") that the petition be transferred to the Fifth Circuit Court of Appeals as successive.  On February 25, 2009, Petitioner filed objections to the Findings.  On April 4, 2009, the District Court re-referred this action to the Magistrate Judge.  On August 24, 2009, the Magistrate Judge issued Findings recommending that the petition be transferred to the Fifth Circuit as successive.  On September 25, 2009, Petitioner filed objections.  On November 16, 2009, the District Court declined to adopt the Findings and re-referred this action to the Magistrate Judge.

**II.  Discussion**

Petitioner filed this motion for relief from judgment under Fed. R. Civ. P. 60(b).  He argues his state trial counsel committed fraud on this Court and that this Court's § 2254 judgment is void.

A. **Trial Counsel's State Court Affidavit**

During Petitioner's state habeas proceedings, Petitioner argued he received ineffective assistance of counsel that rendered his guilty plea involuntary. Petitioner claimed his counsel abandoned his self-defense argument, and coerced him into pleading guilty because of a financial conflict of interest.

Petitioner claimed a financial conflict of interest existed because defense counsel had not been fully paid for Petitioner's trial. That trial resulted in a hung jury. Petitioner states his attorney then coerced him into pleading guilty because counsel did not want to represent Petitioner in a second trial when he had not been fully paid for the first trial.

The state habeas court ordered trial counsel to respond to Petitioner's claims. On September 22, 1997, trial counsel submitted an affidavit to the state court. The affidavit stated in pertinent part:

> The main problem with Mr. Hayden's claim of self-defense is that he was not under any immediate attack or threat. Mr. Hayden was not confronted with a gun, knife or other deadly weapon. When the incident began, Mr. Hayden was not in the same room as the complainant. Mr. Hayden ran past the complainant and shot him.
>
> Mr. Hayden alleges that my handling of his case was influenced by the fact that he did not fully pay me. This is simply not true. The only reason finances were even discussed with the court was my attempt to avoid back to back jury trials which would have kept me out of my office an entire week.

(*Ex parte Hayden*, No. 36,353-01, at 47).

On October 13, 1997, the state court issued findings and conclusions denying the petition. On January 26, 1998, Petitioner filed objections to the state court's findings. He argued that his trial counsel's affidavit contained "perjurious and false testimony," and that counsel's affidavit was untrue and a "false fabrication of the trial facts." (Pet'r State Habeas

Objs. at ii, 1-5,17). On February 4, 1998, the Court of Criminal Appeals adopted the findings of the trial court and denied the petition.

**B.     Federal Habeas Proceedings**

On February 20, 1998, Petitioner filed his federal habeas petition. He argued that trial counsel's September 22, 1997, state habeas affidavit "contain[ed] false testimony that has unlawfully neutralized" his ineffective assistance of counsel claims and that defense counsel's September 22, 1997, affidavit was "perjurous." (Pet. Mem. at (ii); *see also* 3-4, 19). Petitioner stated:

> Trial counsel, attorney L.C. Taylor, has knowingly fabricated the facts of Petitioner's murder case with the use of false statements which prejudiced the entire trial court's "Findings of Fact" pursuant to Petitioner's state habeas corpus because said writ was denied based on those Findings.

(*Id*. at 19).

On July 19, 1999, the magistrate judge entered Findings, Conclusions and a Recommendation that the petition be denied on the merits. On July 30, 1999, Petitioner filed objections. Petitioner objected, *inter alia*, that the magistrate judge relied on the state court's determination that defense counsel was a trustworthy person and that counsel's September 22, 1997, affidavit was worthy of belief. (Objs. at 6). He argued that the affidavit contained "perjurious and false testimony." (*Id.*). He also stated that his counsel's September 22, 1997, affidavit "attempts to alter and conceal [ ] clear facts" regarding the viability of his self-defense claim, and counsel's financial conflict of interest. (*Id*. at 8-12).

On September 8, 1999, the District Court overruled Petitioner's objections and entered final judgment denying his petition. On April 10, 2000, the Fifth Circuit Court of Appeals denied COA.

**C.  Rule 60(b) Motion**

In this Rule 60(b) motion Petitioner again argues that his counsel's September 22, 1997, state court affidavit contained false testimony. He states, "Petitioner failed in the [prior] proceedings to present sufficient evidence that Petitioner's trial counsel's affidavit was fraudulent due primarily to Petitioner's inability to financially secure his then un-transcribed jury trial record from his court reporter . . . ." (Rule 60(b) Motion at 2). Petitioner states that in September, 2006, he obtained a copy of his 1990 hung jury trial Statement of Facts and copies of all evidence admitted during that trial. (*Id.*)

Petitioner states he submitted a new state habeas petition using the transcripts and evidence from his 1990 hung jury trial. On August 15, 2007, the state court dismissed the petition as successive. (*Id.*) He then filed a petition for writ of mandamus with the Texas Court of Criminal Appeals. On May 21, 2008, the Court of Criminal Appeals denied the petition. (*Id.*)

On December 11, 2008, Petitioner filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). He states the evidence from his hung jury trial supports his claim that his trial counsel's September 22, 1997, state court affidavit is fraudulent and not worthy of belief. (Rule 60(b) Mot. at 3).

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a judgment or an order. It states:

> On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

**(1)    Timeliness**

To the extent Petitioner relies on Rule 60(b)(2) or (b)(3), claiming either fraud or newly discovered evidence, such a claim must be brought within one year of the judgment. *See* Fed. R. Civ. P. 60(c). Petitioner, however, failed to file this motion until approximately nine years after judgment was entered. Any claims under Rule 60(b)(2) or (b)(3) are therefore barred. *See FTC v. Namer*, No. 06-30528, 2007 WL 2974059 at *10 (5th Cir. Oct. 12, 2007) (citation omitted) (stating the "expiration of the one year time limit is an absolute bar to relief from judgment.").

Petitioner also alleges his claims arise under Rule 60(b)(4), by claiming the judgment is void. Motions under Rule 60(b)(4) must be brought within a "reasonable time." What constitutes a reasonable time depends upon the facts of the case, "taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994).

In this case, the latest possible date that Petitioner became aware of his claim that his defense counsel's September 22, 1997, state habeas affidavit constituted a fraud on this Court was when final judgment was entered on September 8, 1999. At that time, Petitioner knew that the District Court considered defense counsel's September 22, 1997, state habeas affidavit, and that the District Court determined the state court's decision to deny Petitioner's claims was not contrary to or did not involve an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner did not file his Rule 60(b) motion until December 11,

Page 6

2008 – approximately nine years later. The Court finds the nine year delay in filing this motion renders the motion untimely. *See United States v. Molina-Escobar*, 232 F.3d 207, 2000 WL 1272278 at *1 (5th Cir. Aug. 14, 2000) (finding 60(b) motion untimely where "no reason justifies a lapse of five years before reasserting identical arguments."); *United States v. Tolliver*, 177 Fed. Appx. 454, 2006 WL 1140302 at *1 (5th Cir. 2006) (finding defendant failed to show eight year delay was within a reasonable time); *Gillis v. Livingston*, No. 4:98-CV-1096-D, 2007 WL 1650307 (N.D. Tex. June 5, 2007) (finding six years is not a reasonable time when petitioner did not show his motion could not have been filed earlier); *Coleman v. Thaler*, No. H-02-3865 (S.D. Tex. Sept. 18, 2009), 2009 WL 3007918, *aff'd,* Nos. 09-70025 & 09-20630 (5th Cir. Sept. 22, 2009)) (finding five year delay is untimely, stating although Petitioner "recently obtained an affidavit to support his *Brady* claim, his pleadings suggest he was aware of the facts of that claim before the court denied his habeas petition.").

Additionally, even if the Court finds Petitioner could not have filed his 60(b) motion until he obtained his hung jury documents in September, 2006, his motion is still untimely. Petitioner does not state why he waited from September, 2006, until December, 2008, to file his 60(b) motion. His motion contains the same claims he has argued since his objections to the state habeas findings on January 26, 1998. He now simply cites to the record of his hung jury trial to attempt to substantiate his claims. Although he filed a second state habeas application and a petition for writ of mandamus with the Court of Criminal Appeals after he received his 1990 jury documents, any exhaustion of state claims regarding his conviction was unnecessary for a Rule 60(b) motion claiming fraud on this Court. The Court finds that, in this case, two years is not a reasonable time under Rule 60(b)(4). *See Earl v. Johnson*, 51 F.3d 1043, 1995 WL 153083 at *1

(5th Cir. Mar. 23, 1995) (finding two years is not a reasonable time where petitioner failed to show he was prevented from discovering legal basis of motion or was prevented from filing motion); *Scheanette v. Quarterman*, 309 Fed. Appx. 870, 873 n.2, 2009 WL 301842 (5th Cir. 2009) (finding 60(b) motion not made within a reasonable time where petitioner "offers no explanation for why it took him nearly two years to seek reconsideration of the district court's decision especially when the grounds he raises were known to him at the time the petition was filed and denied."); *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (finding two year delay in filing Rule 60(b) motion is not within reasonable time where there is no plausible justification for the delay); *Bilbrey v. Quarterman*, No. 3:03-CV-1473-L, 2006 WL 1982489 at *2 (N.D. Tex. July 11, 2006) ("absent any cogent explanation," two years is not a reasonable time). Petitioner's motion should be denied.

**(2) Merits**

Even if the Court were to find Petitioner's 60(b)(4) motion timely, the claim fails on the merits. Rule 60(b)(4) allows a district court to provide relief from judgment if the judgment was void. A judgment is void if the district court lacked subject matter or personal jurisdiction, or if it acted inconsistent with due process. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (citations omitted).

In this case, the district court clearly had jurisdiction over Petitioner's habeas petition. Under 28 U.S.C. § 2241(d), a person in custody under a state court judgment may file his § 2254 petition "in the district court for the district wherein such person is in custody, or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."

Petitioner was convicted and sentenced in Dallas County, Texas. Dallas County is within the Northern District of Texas, the same district in which Petitioner filed his habeas petition. *See* 28 U.S.C. § 124. The Court therefore had jurisdiction over Petitioner's habeas petition.

Additionally, Petitioner has not shown that the District Court acted inconsistent with due process. If a court has both subject matter and personal jurisdiction, the "only inquiry is whether the district court acted in a manner so inconsistent with due process as to render the judgment void." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. *Id*. "[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." *Id*. (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982)). Moreover, a judgment is not void merely because it was erroneous. *New York Life Ins. Co.*, 84 F.3d at 735. Defendant has shown no lack of notice, service of process or jurisdiction. He has failed to show that the District Court acted inconsistent with due process. His motion should be denied.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that Petitioner's Rule 60(b) motion be denied.

Signed this 10th day of December, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).